# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECH. INC., <br>     Plaintiff, <br> v. <br> MICROSOFT CORP., <br>     Defendant. | No. 14-cv-1226 (RGA) |
| MICROSOFT CORP., <br>     Movant, <br> v. <br> RANDOM PERSPECTIVES, LLC., <br>     Respondent. | No. 16-mc-232 (RGA) |

## MEMORANDUM ORDER

Defendant Microsoft is seeking documents from third party Random Perspectives. Those documents are designated as documents 1 and 2 on the Random Perspectives privilege log. Random Perspectives has claimed the attorney-client privilege. Specifically, Random Perspectives asserts the documents contain comments written by Jimmy Goo while acting as an attorney for Tom Meagher.

After a hearing on November 8th, I ordered the documents produced for *in camera* review and then ordered them produced. (D.I. 21).[1] The documents as submitted had, in fact, already been produced by the Plaintiff ViaTech. (D.I. 24). Random Perspectives requested further *in camera* review of copies of documents 1 and 2 containing purportedly privileged comments. (*Id.*). I granted further review (D.I. 25), and ordered Random Perspectives to state whether document 2 had been shared with anyone other than Mr. Goo and Mr. Meagher (D.I. 27). Random Perspectives said no; only Mr. Goo accessed the notes physically and the comments were verbally shared with only Mr. Meagher. (D.I. 28).

After review of the documents, I am ordering production of the document designated as 1 and maintaining the claim of privilege as to document 2.

To support its claim of privilege, Random Perspectives relied on Mr. Goo's deposition testimony. (D.I. 26 at 1). In that testimony, Mr. Goo stated he represented Mr. Meagher from May 2013 until June or July 2013. (No. 14-cv-1226 D.I. 189-1 at 49). Comments on document 1 are dated April 2013. Because the comments predate the attorney-client relationship, the claim of privilege is denied and Random Perspectives is ordered to produce document 1 with comments, in the version most recently produced for *in camera* review. Document 2, on the other

---

[1] Docket citations are to case No. 16-mc-232 unless otherwise noted.

hand, is dated during the representation and is of the type a patent attorney would prepare for a client. Thus, I am sustaining the claim of privilege on document 2.

IT IS SO ORDERED this 5 day of January 2017.

/s/ Richard G. Andrews
United States District Judge