IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

VIATECH TECHNOLOGIES, INC.,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

C. A. No. 14-1226-RGA

REDACTED VERSION

**OPENING BRIEF IN SUPPORT OF MICROSOFT CORPORATION'S**
**MOTION FOR FINDING OF EXCEPTIONAL CASE PURSUANT TO 35 U.S.C. § 285**

FISH & RICHARDSON P.C.
Martina Tyreus Hufnal (#4771)
Santosh V. Coutinho (No. 5470)
Christopher A. Winter (No. 5817)
Nitika Gupta Fiorella (No. 5898)
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, DE 19801
Tel: (302) 652-5070
hufnal@fr.com; coutinho@fr.com;
cwinter@fr.com; fiorella@fr.com

Frank E. Scherkenbach
Kurt L. Glitzenstein
Steven R. Katz
Whitney A. Reichel
Chet D. Campbell
One Marina Park Drive
Boston, MA 02210
Tel: (617) 521-7883
scherkenbach@fr.com; glitzenstein@fr.com
katz@fr.com; wreichel@fr.com;
cycampbell@fr.com

ATTORNEYS FOR DEFENDANT
**MICROSOFT CORPORATION**

Dated: June 26, 2017

# TABLE OF CONTENTS


I. NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II. SUMMARY OF THE ARGUMENTS ........................................... 1

III. STATEMENT OF RELEVANT FACTS ........................................... 1

IV. APPLICABLE LAW ........................................... 4

V. THIS CASE IS EXCEPTIONAL AND WARRANTS AN AWARD OF ATTORNEY FEES ........................................... 6

- A. Microsoft Is the Prevailing Party ........................................... 6
- B. This Case Is Exceptional ........................................... 6
  - 1. ViaTech's Refusal to Concede Non-Infringement After Claim Construction Was Unreasonable ........................................... 6
  - 2. ViaTech's General Litigation Conduct Further Supports an Exceptional Case Finding ........................................... 8
- C. Microsoft's Fee Request Is Reasonable ........................................... 10

VI. CONCLUSION ........................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cartner v. Alamo Group, Inc.*,
561 Fed. Appx. 958 (Fed. Cir. 2014) .....5, 6

*Flexiteek Americas, Inc. v. Plasteak, Inc*,
2016 WL 7508240 (S.D. Fla. March 31, 2016) .....5, 6

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) .....5

*Nova Chemicals Corp. v. Dow Chemical Co.*,
856 F.3d 1012 (Fed. Cir. 2017) .....4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014) ..... *passim*

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
2017 WL 2385604 (D. Del. June 1, 2017) .....5, 6, 10, 11

*Taurus JP, LLC v. DaimlerChrysler Corp.*,
726 F.3d 1306 (Fed. Cir. 2013) .....5

*Vehicle Interface Tech., LLC v. Jaguar Land Rover North America, LLC*,
2015 WL 9462063 (D. Del. Dec. 28, 2015) .....5, 6, 7, 10

*Vehicle Operation Techs. LLC v. Ford Motor Co.*,
2015 WL 4036171 (D. Del. July 1, 2015) .....6

**Statutes**

35 U.S.C. § 285 ..... *passim*

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case. The Court issued its Memorandum Opinion on claim construction issues on June 14, 2016 (D.I. 139) and its Claim Construction Order on June 22, 2016 (D.I. 147). Roughly one year later, on June 12, 2017, the Court granted Microsoft's motion for summary judgment of no infringement (D.I. 330) and entered judgment in favor of Microsoft and against ViaTech (D.I. 331).

## II. SUMMARY OF THE ARGUMENTS

The Court's summary judgment opinion confirms that the claim construction it issued last June "defeat[ed] Plaintiff's literal infringement case," and that ViaTech never presented a doctrine of equivalents infringement case. (D.I. 329 at 16). ViaTech should have stipulated to non-infringement after receiving the Court's claim construction a year ago, as Microsoft urged it to do. Instead, ViaTech pressed on, forcing Microsoft to incur significant expenses for attorney fees, expert fees, and costs to defend itself against ViaTech's objectively baseless infringement claim—for which ViaTech sought nearly [REDACTED] in trebled damages, despite having [REDACTED]

ViaTech's decision to continue this litigation after losing any viable infringement claim at claim construction was unreasonable and oppressive, and renders this case "exceptional" under 35 U.S.C. § 285.

## III. STATEMENT OF RELEVANT FACTS

The core dispute from the outset of this case was the proper scope of the claims of ViaTech's patent.

At claim construction, the Court adopted Microsoft's proposal that "dynamic license database" be construed to mean: "a database that ***resides in the digital content file*** and that is programmed to accept modifiable licenses." D.I. 139 at 10 (emphasis added). The Court

rejected ViaTech's positions, including its argument that the database need not reside in the digital content file. *Id.* at 10-12.

Also relevant to this motion, the Court rejected ViaTech's proposed construction for "file," which was: "plain and ordinary meaning (i.e., 'a set of information on a computer')." While the Court did not adopt Microsoft's proposal verbatim, the Court rejected ViaTech's position that a "file" could be a collection of files, and clarified that the term's plain and ordinary meaning requires a file to be "a collection of data that is treated as a unit by a file system." D.I. 139 at 12-14; *see also* D.I. 329 at 9 ("At claim construction, Plaintiff argued that 'file' could mean a collection of files, and not just a discrete file. (D.I. 92 at 33, 36-37). I rejected this position, explaining that the patent 'never refers to a collection of files as a single "file."' (D.I. 139 at 13).")

As the Court found in granting summary judgment of no infringement, the Court's claim construction order "place[d] Plaintiff's infringement theory in a bind." D.I. 329 at 9. The accused Office and Windows products have never contained a digital content file that contains a dynamic license database. Thus, as an objective matter, ViaTech's infringement claim could not survive the Court's order construing the claims to require such a digital content file. Following the claim construction ruling, Microsoft's counsel requested that ViaTech stipulate to non-infringement and take the claim construction order up on appeal if it desired. *See* Ex. 1, June 21, 2016 Ltr to Lennon from Glitzenstein. Microsoft informed ViaTech that if ViaTech declined to so stipulate, Microsoft reserved all rights to seek its attorney fees under 35 U.S.C. § 285. *Id.*

ViaTech refused to stipulate to non-infringement, and instead took the remarkable position that ***it*** was entitled to summary judgment of infringement.[1]

ViaTech thereafter advanced two infringement theories, both of which this Court rejected out of hand at summary judgment. First, ViaTech alleged that all of Windows could be a single "file"—a position this Court stated was "clearly contrary to my rejection of their claim construction argument." D.I. 329 at p. 7 n. 5.

Second, at the very close of discovery, ViaTech raised the theory that ultimately became the focus of its summary judgment briefing: that the accused product was the Windows ***installation*** file as it exists on an optical disk or in a disk image file, even though that installation file indisputably did not include any kind of license database. The Court rejected this infringement theory as equally untenable under its claim construction ruling:

> My construction of "file" places Plaintiff's infringement theory in a bind. Post-installation, Windows is a collection of files, not a single file. Pre-installation, Windows is a "file." Post-installation, the files Plaintiff points to as the "license database"—the token store, the trusted store, and the cache store—exist. Pre-installation, they do not. Plaintiff's infringement position requires me to treat Windows in one form for one part of the claim and in another form for the other. I cannot do so.

D.I. 329 at 9-10. The Court's summary judgment order thus confirmed that its claim construction rulings on June 14, 2016, determined the outcome of this case. Yet, despite the dispositive impact of those rulings, ViaTech pressed on with its infringement case.

In addition to its baseless infringement theories, ViaTech engaged in other vexatious litigation conduct that significantly increased the burden on Microsoft in defending this

---

[1] ViaTech made a proposal to stay some of the case deadlines pending summary judgment motions, but the proposal was unacceptable as it would have required taking the trial date off calendar, filing summary judgment motions based on an incomplete record, and effectively conducting expert discovery twice.

litigation. For example, ViaTech sought damages for nearly six years in which it admittedly failed to mark its patent-practicing eLicense product. ViaTech also based its damages calculation entirely on an unrelated prior jury verdict, despite being unable to identify a single case where a plaintiff had successfully advanced such a theory.

As a result of ViaTech's unreasonable litigation conduct post-claim construction, Microsoft incurred significant expenses during expert discovery, in filing summary judgment and *Daubert* motions to dispose of these unsupportable claims, and to prepare for a five-day trial which was set to begin on June 19, 2017. It therefore seeks its fees for that roughly one-year period.

## IV. APPLICABLE LAW

In "exceptional" cases, a court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A case is "exceptional" under 35 U.S.C. § 285 when, in view of the totality of the circumstances, it "simply stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). To be considered exceptional, conduct need not be "independently sanctionable." *See id.* at 1757. A finding of bad faith is also not required: "a case presenting either subjective bad faith or exceptionally meritless claims" may warrant an award of fees. *Id.* "The substantive strength of a party's litigating position can—i.e., whether it is objectively baseless—independently support an exceptional-case determination." *Nova Chemicals Corp. v. Dow Chemical Co.*, 856 F.3d 1012, 1017 (Fed. Cir. 2017) (*citing Octane Fitness,* 134 S.Ct. at 1756).

A district court should use its discretion to determine whether a case is "exceptional," considering the "totality of the circumstances," including "frivolousness, motivation, objective

unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness,* 134 S. Ct. at 1756 n.6. A § 285 attorney fee award is appropriate "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 1758. For example, a case may be deemed exceptional where "Plaintiffs received an adverse claims construction ruling and rather than acknowledge that they could not prevail on the merits, Plaintiffs pursued an untenable theory of infringement which was found to be unreasonable at summary judgment." *Flexiteek Americas, Inc. v. Plasteak, Inc,* 2016 WL 7508240, at *3 (S.D. Fla. March 31, 2016)*; see also Cartner v. Alamo Group, Inc.,* 561 Fed. Appx. 958, 967-69 (Fed. Cir. 2014) (pre-*Octane Fitness,* affirming district court's exceptional case finding in part because plaintiff's allegation of literal infringement was frivolous after the Court's claim construction order rejecting plaintiff's broad interpretation of "disconnected," and because plaintiff's "presumptive reliance upon an unrevealed theory of infringement by equivalents amounted to bad faith sufficient to find exceptional circumstances under § 285" (citations omitted)); *see also SRI Int'l, Inc. v. Cisco Sys., Inc.*, --- F. Supp. 3d ---, 2017 WL 2385604, at *32 (D. Del. June 1, 2017) (attorney fees award warranted where defendant "pursu[ed] defenses to trial that were contrary to the court's rulings"). In addition, "[a] case may be declared exceptional if plaintiff relied on a claim construction that is so lacking in evidentiary support that it is objectively unreasonable or indicates bad faith." *Vehicle Interface Tech., LLC v. Jaguar Land Rover North America, LLC*, 2015 WL 9462063, at *3 (D. Del. Dec. 28, 2015) (*citing Taurus JP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013) and *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012)).

A party must prove its entitlement to attorney fees in an exceptional case by a

preponderance of the evidence. *Octane Fitness,* 134 S. Ct. at 1758.

## V. THIS CASE IS EXCEPTIONAL AND WARRANTS AN AWARD OF ATTORNEY FEES

### A. Microsoft Is the Prevailing Party

The Court granted Microsoft's motion for summary judgment of no infringement and entered judgment in favor of Microsoft and against ViaTech. D.I. 329; D.I. 330; D.I. 331. Thus, Microsoft is the prevailing party in this case and is eligible to recover its attorney fees and costs under 35 U.S.C. § 285. *See Vehicle Operation Techs. LLC v. Ford Motor Co.,* 2015 WL 4036171, at *1-2 (D. Del. July 1, 2015) ("[T]o be a prevailing party, one must receive at least some relief on the merits, which alters ... the legal relationship of the parties;" where it is undisputed that defendants were prevailing parties, "[t]he sole issue is therefore whether this case is exceptional." (citations omitted)).

### B. This Case Is Exceptional

#### 1. ViaTech's Refusal to Concede Non-Infringement After Claim Construction Was Unreasonable

ViaTech's decision to press on with its infringement claim even after the Court's claim construction ruling was objectively unreasonable, and justifies an award of attorney fees in this case. *See SRI Int'l,* 2017 WL 2385604 at *32 (attorney fees award warranted where defendant "pursu[ed] defenses to trial that were contrary to the court's rulings"); *Flexiteek,* 2016 WL 7508240 at *3 (attorney fees warranted where Plaintiffs pursued an untenable theory of infringement after an adverse claim construction)*; Cartner,* 561 Fed. Appx. at 967-69 (affirming district court's exceptional case finding in part because plaintiff's allegation of literal infringement was frivolous after the Court's claim construction order); *see also Vehicle Interface Tech.*, 2015 WL 9462063 at *3 (finding claim construction position unreasonable where plaintiff

"could have successfully argued that the patent was both valid and infringed only by adopting an untenably fine distinction….").

Though Microsoft contends that ViaTech's claim construction positions themselves were unreasonable from the outset, Microsoft has limited the present request to its fees and untaxable costs only from the point at which ViaTech indisputably "had full notice that its case was objectively baseless"—namely, the issuance of the Court's June 14, 2016, memorandum opinion on claim construction issues. *See Vehicle Interface Tech.,* 2015 WL 9462063 at *4 (court "inclined to think that fees are appropriate from the date VIT had full notice that its case was objectively baseless in light of the invalidating 2001 Mercedes prior art").

Upon the issuance of the Court's claim construction memorandum, any remotely reasonable expectation of success for ViaTech evaporated. ViaTech knew that the Court's constructions required a dynamic license database residing **in** a digital content file. ViaTech knew that none of the accused products had such a file. Rather than stipulate to non-infringement, as any reasonable litigant would have done, ViaTech pressed on its first theory of infringement, and then compounded the situation by coming up with its equally meritless second theory of infringement at the eleventh hour, forcing Microsoft to maintain a full defense in this case up until the eve of trial. Not only that, but ViaTech concocted an outlandish damages theory, no doubt in the hope that the pressure of an astronomical damages claim would force a settlement before its meritless infringement case was terminated.

When the Court was ultimately able to address ViaTech's meritless infringement case on summary judgment, the Court confirmed that ViaTech should have abandoned its theories nearly a year earlier, stating: "It is the claim construction I issued last June that defeats Plaintiffs literal

infringement case." D.I. 329. at 16.[2] The Court also found that "Plaintiff has produced no evidence from which a factfinder could find infringement under the doctrine of equivalents," granting Microsoft summary judgment on that issue as well. *Id.* at 14.

ViaTech's continued pursuit of a doomed infringement case after a dispositive claim construction order was unreasonable and objectively baseless, and warrants a finding that this case is exceptional.

### 2. ViaTech's General Litigation Conduct Further Supports an Exceptional Case Finding

ViaTech's litigation conduct in this case further justifies an award of fees. ViaTech has advanced far-fetched and even contradictory positions on many issues in the case. One apt example is the issue of marking. Throughout this case, ViaTech and its experts have repeatedly asserted that its eLicense product practiced the '567 patent. ViaTech's own interrogatory response stated that it added a "a notice on its website (www.elicense.com) that its eLicense system is patented since July 26, 2014." D.I. 216 Ex. 15 at 2-3. Even today, the website states: "eLicense software is protected by US Pat.# 6,920,567." *See* www.elicense.com (last visited June 26, 2017). [REDACTED] D.I. 213-1 at Appx. 492. ViaTech's damages expert also repeatedly referred to eLicense as a practicing product. D.I. 227, Ex. 1 (Yurkerwich Rep.) at 3, 15. In light of ViaTech's own statements before and during this lawsuit, ViaTech could not in good faith deny that eLicense

---

[2] The Court's ruling ultimately relied on only one of the five non-infringement defenses Microsoft presented at summary judgment. Microsoft submits that the other grounds were likewise meritorious and further demonstrate ViaTech's unreasonable conduct in maintaining this lawsuit after claim construction. The Court also noted that Microsoft "makes a strong case" for partial summary judgment of a *prima facie* case of obviousness, but dismissed that motion as moot in light of its non-infringement finding. D.I. 329 at 20.

practiced the '567 patent. And there is no dispute that, prior to July 26, 2014, ViaTech never marked the eLicense product. Thus, any reasonable litigant would have limited the basis for its damages demand to Microsoft's sales after July 26, 2014.

ViaTech did not do so. ViaTech instead sought damages going back to September 24, 2008—in the staggering amount of [REDACTED] When Microsoft asked ViaTech to stipulate that it was not entitled to pre-suit damages due to its failure to mark, ViaTech ignored Microsoft. *See* Ex. 2, January 30, 2017 Email to McCowan and Mortazavi from Katz (to which no response was received). Microsoft was therefore forced to file a partial summary judgment motion on the issue of marking—in response to which ViaTech did a sudden about-face and argued that it did not need to mark because eLicense was not a practicing product. D.I. 271 at 12-13. While the Court did not ultimately have to reach the merits of Microsoft's motion, Microsoft submits that the Court should use its discretion in the context of this motion to discourage such flip-flopping.

As to its damages claim, ViaTech presented a meritless theory based entirely on an unrelated jury verdict involving different patents and different products—despite its inability to identify even a single case where a court approved such a damages theory. *See* D.I. 289 at 4-5. Here too, ViaTech changed positions mid-stream, initially crafting a damages demand based on certain Microsoft settlement agreements and then, in response to Microsoft's *Daubert* motion, recasting its demand as being based on the z4 jury verdict instead. *See* D.I. 256 at 1. Most importantly, creative theories aside, ViaTech's damages demand [REDACTED] was objectively unreasonable in the face of undeniable evidence that ViaTech itself had [REDACTED] [REDACTED]. *See, e.g.,* D.I. 213-1 at Appx. 24-25. In context, ViaTech's strategy was clear: maintain its doomed case under cover of a damages demand so high that Microsoft would feel it had to settle.

ViaTech's pattern of behavior in this case[3] further justifies a finding that this case is exceptional and that Microsoft is entitled to recover its reasonable attorney fees and non-taxable costs incurred after June 14, 2016.

**C. Microsoft's Fee Request Is Reasonable**

Microsoft only seeks its attorney fees and non-taxable costs from June 14, 2016, forward. That is the date on which the Court issued its memorandum opinion on claim construction and the date on which ViaTech had full notice that its infringement claim was objectively baseless. *See Vehicle Interface Tech.,* 2015 WL 9462063 at *4 (court inclined to find "fees are appropriate from the date VIT had full notice that its case was objectively baseless in light of the invalidating 2001 Mercedes prior art").

Microsoft estimates that its attorney fees and related costs accrued for the period from June 14, 2016 through the final judgment amount to $1.73 million and $300,000, respectively.[4] This amount is reasonable, particularly given the scope of ViaTech's claims in this case and the amount of damages at stake (ViaTech's damages demand, trebled, totaled [REDACTED]. [REDACTED] Microsoft is entitled to recover its fees as accrued on an hourly basis. *See SRI Int'l,* 2017 WL 2385604 at n. 58 (awarding attorney fees based on

[3] The Court may also consider deterrence of future misconduct in awarding attorney fees. *Octane Fitness,* 134 S. Ct. at 1756 n.6. Three days before the summary judgment hearing in this case, ViaTech filed another lawsuit against Microsoft, asserting infringement of the '567 patent by other features of Windows that have existed since before this lawsuit was filed. In its Complaint, ViaTech relied exclusively on public documentation. This follow-on case has no more merit than the instant one and is procedurally improper to boot. An award of attorney fees in this case would deter ViaTech from continuing to press objectively baseless infringement claims in that second case (in the event that case goes forward).

[4] These amounts do not include attorney fees and non-taxable costs associated with Microsoft's counterclaim for infringement of its '468 patent, which were tracked separately under a different billing code.

attorney fee monthly accruals, even though the ultimate fee paid was governed by a contingency agreement).

The related costs of approximately $300,000 are also reasonable as these costs were accrued as necessary expenses in the course of defending against ViaTech's baseless claims.

The requested fees and costs are significantly less than the average fees and costs for a typical patent litigation with over $25 million in damages sought, such as this one. [REDACTED] Ex. 3; *see also SRI Int'l*, 2017 WL 2385604 at n. 58 (finding that "the amounts requested—$7,934,881.75 in fees and $104,640 in related expenses—are consistent with both counsel's usual and customary fixed preferred hourly rates as applied to SRI, and the amount of work performed commensurate with the demands of litigation imposed by Cisco"). In this case, Microsoft accrued fees and non-taxable costs in the amount of approximately [REDACTED]—well below the 2015 average for a case of this magnitude—and seeks to recover only approximately half of that under 35 U.S.C. § 285.

In light of the nearly [REDACTED] damages sought in this case, Microsoft submits that its request to recover approximately $1.73 million in fees and $300,000 in costs is reasonable and appropriate.

## VI. CONCLUSION

For the reasons above, the Court should issue an order finding that this case is exceptional and that Microsoft is entitled to recover its post-June 14, 2016 attorney fees and non-taxable costs, in the estimated amounts of $1.73 million in fees and $300,000 in costs. Microsoft further requests seven (7) days from the Court's order to submit an accounting of these fees and costs.

Dated: June 26, 2017

FISH & RICHARDSON P.C.

By: /s/ *Martina Tyreus Hufnal*

Martina Tyreus Hufnal (No. 4771)
Santosh V. Coutinho (No. 5470)
Christopher A. Winter (No. 5817)
Nitika Gupta Fiorella (No. 5898)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Tel.: (302) 652-5070
hufnal@fr.com; coutinho@fr.com;
cwinter@fr.com; fiorella@fr.com

Frank E. Scherkenbach
Kurt L. Glitzenstein
Steven R. Katz
Whitney A. Reichel
Chet D. Campbell
One Marina Park Drive
Boston, MA 02210
Tel: (617) 521-7883
scherkenbach@fr.com
glitzenstein@fr.com
katz@fr.com
wreichel@fr.com
cycampbell@fr.com

**ATTORNEYS FOR DEFENDANT**
**MICROSOFT CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2017, I electronically filed with the Clerk of Court OPENING BRIEF IN SUPPORT OF MICROSOFT CORPORATION'S MOTION FOR FINDING OF EXCEPTIONAL CASE PURSUANT TO 35 U.S.C. § 285 using CM/ECF and the following counsel of record were served via electronic mail:

James D. Taylor, Jr.
Allison Jean McCowan
SAUL EWING LLP
1201 N. Market St., 23rd Floor
Wilmington, DE 19801
jtaylor@saul.com; amccowan@saul.com

Michael J. Lennon
Sheila Mortazavi
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
mlennon@kenyon.com;
smortazavi@kenyon.com

/s/ *Martina Tyreus Hufnal*
Martina Tyreus Hufnal (#4771)